Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Jess George Adams

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>  vs.<br><br>JESS GEORGE ADAMS,<br><br>          Defendant. | Case No. 3:23-cr-21 SLG KFR<br><br>**SENTENCING MEMORANDUM** |
|---|---|

    Pursuant to a plea agreement, Defendant pled guilty to wire fraud, money laundering, and tax evasion. The parties agree that the correct advisory guideline sentencing range is 30-37 months. However, due to circumstances including Defendant's lack of criminal history, age, severe health problems, and with reference to the sentence an average offender receives for similar offenses in this guideline range, a sentence well below the low end of the advisory guideline range is appropriate. In view of Adams' particularly acute health problems, any necessary punishment ought to imposed as a term of home detention.

## I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
   (A) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
      (i) issued by the Sentencing Commission [. . .]
      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5) and pertinent policy statement –
   (A) issued by the sentencing commission [. . .]
   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater

*United States v. Jess George Adams*
Case No. 3:23-cr-21 SLG KFR                                                    Page 2

than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II. Argument

### a. Advisory Guidelines

There is no dispute between the parties as to the appropriate guideline application resulting in a Total Offense Level of 19, Criminal History Category I, for an advisory guideline sentencing range of 30-37 months. Over Defendant's objection, however, the Presentence Investigation Report at Docket 55 assesses Defendant an additional 4 offense levels under USSG §2S1.1(b)(2)(C) for being "in the business of laundering funds". That enhancement does not apply to the offense conduct in this case.

As Application Note 4(A) to U.S.S.G. §2S1.1 indicates, "[t]he court shall consider the totality of circumstances to determine whether a defendant **who did not commit the underlying offense** was in the business of laundering funds, for purposes of subsection (b)(2)(C)." The sentencing commission designed this enhancement to aggravate the sentence for offenses in which the defendant has regularly profited from the concealment of the offenses of others. If the sentencing commission intended this enhancement to apply to offenders who were merely covering up their own offense conduct, it is hard to imagine a scenario in

*United States v. Jess George Adams*
Case No. 3:23-cr-21 SLG KFR                                                Page 3

which this enhancement would not apply, rendering it pointless. The rule against absurdity in statutory construction suggests that, as the Application Note makes clear, the enhancement does not apply under the circumstances of this case.

b.  Statutory Sentencing Criteria

    1.  Nature and Circumstances of the Offense

Adams was a bookkeeper for the City of Houston, and subsequently for a private business in the Valley.  He used his position to misappropriate funds for his own use.  He further failed to declare his illicit income to the IRS in an effort to avoid paying taxes.  While his misconduct was serious, these frauds were not otherwise aggravated.

    2.  History and Characteristics of the Offender

Adams is 67 years old.  He has no prior criminal history. He has recently suffered from multiple severe health problems, including "heart failure with reduced ejection fraction, cardiomyopathy associated with another disorder, paroxysmal atrial fibrillation, blue toes [two of which have been amputated], atherosclerosis of coronary artery without angina pectoris, hyperlipidemia, type II diabetes mellitus uncontrolled, pulmonary embolism, and chronic kidney disease stage 3."  Docket 55, at 17.  He was admitted to Mat-Su Regional on January 13th of this year with systolic heart failure, and

underwent cardiac catheterization on January 17th.  Id.  Each of these listed health conditions is serious, and in combination they are life threatening.  Adams is being monitored closely by his physicians while on release, and has additional appointments scheduled within a month following sentencing.

Adams cannot expect to get adequate medical treatment in BOP custody.  As highlighted by NPR last fall, delays in care for inmates leads to an unacceptably high mortality rate.  See [Many federal inmates don't get medical care they need. Some don't survive : NPR](#).  While his offenses are serious, Adams does not pose a danger to society as a 67 year old with no prior record.  Based upon his age, classification of offense, and lack of criminal history, there is little reason to expect that Adams will reoffend.  See [The Effects of Aging on Recidivism Among Federal Offenders (ussc.gov)](#).  He does not pose a risk of similar misconduct in the future because he will not be employable as a bookkeeper.

Should the Court deem a term of punitive detention necessary under the sentencing factors contained in §3553(a), a short term of home detention would be sufficient, but not greater than necessary.  Congress has specifically provided for this form of punishment in 18 U.S.C. §3563(b) and (b)(19):

> The Court may provide, as further conditions of a sentence of probation, to the extent that such conditions are

> reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant – [. . .] remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration[.]

In balance with the substantial risk to Adams' life and health posed by BOP incarceration, it would be proper to impose any necessary punishment in the form of home detention.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

The JSIN data contained in Docket 55 at 3 was derived with reference to the enhancement improperly assessed by probation under U.S.S.G. §2S1.1(b)(2)(C). With respect to the JSIN data associated with the properly calculated guideline range, during the last five fiscal years (2019-2023), there were 127 defendants whose primary guideline was §2S1.1, with a Final Offense Level of 19 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 108 defendants (85%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 21 months and the median length of imprisonment imposed was 24 months.

Out of the 108 defendants who were incarcerated, it is unlikely that more than a handful were as old as Adams and had health problems of similar magnitude. These numbers suggest that a sentence well below the average of 21 months would be appropriate. In light of his particular health issues discussed supra, Adams ought to be part of the 15% of offenders with the same offense level and same criminal history under the same guideline who received no term of incarceration (even without a 5K motion).

### 4. Restitution

Adams agrees that he owes restitution of approximately one and a half million dollars (to which aggrieved entities, the parties will address at sentencing). He also agrees that this includes restitution to carriers for subrogation claims based upon coverage paid to the victims for his fraud. While he has made some payments already per agreement with at least one of these carriers, he further intends to present a cashiers check to the order of Clerk of Court in the amount of $17,000.00 at imposition of sentence to begin paying the balance of this obligation.

## III. Conclusion

For the aforementioned reasons, the Court ought to impose a sentence well below the low end of the 30-37 month guideline

range, such term to be served in home detention, with restitution to be determined by the Court, and no fine to pay.

DATED at Anchorage, Alaska this 3rd day of July, 2024.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on July 3, 2024. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*