MICHAEL J. HEYMAN
United States Attorney

SETH M. BEAUSANG
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESS GEORGE ADAMS,<br><br>Defendant. | No. 3:23-cr-00021-SLG |

**UNITED STATES' MOTION FOR AN ORDER REQUIRING THE DEFENDANT TO PAY RESTITUTION TO A PERSON PROVIDING COMPENSATION TO A VICTIM**

The United States of America moves pursuant to 18 U.S.C. § 3664(j)(1) for an order requiring the defendant to pay restitution to a person providing compensation to a victim. The evidence shows that two victims have received insurance proceeds for the same loss caused by the defendant in this case. Accordingly, the Court should order the defendant to

pay restitution directly to these insurers. Pursuant to § 3664(j)(1), the "order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation."

## BACKGROUND

This Court ordered the defendant, Jess Adams, to pay a total of $1,550,462.38 in restitution to the victims in this case, consisting of $966,129.82 to Alaska Electric & Control, Inc. (AEC), $274,802.26 to the City of Houston, and $309,530.30 to the U.S. Treasury, all pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. [Dkt. 65]

On or about March 26, 2025, the United States received correspondence from Ohio Security Insurance Company (Ohio Security) requesting that the Court order the defendant to pay restitution directly to Ohio Security in the amount of $10,000 to compensate Ohio Security for the amount it paid to AEC due to damages caused by the defendant through his criminal conduct in this case. *See* Ex. A (Letter from Ohio Security dated March 26, 2025).

On or about August 10, 2026, the United States received correspondence from Alaska Public Risk Alliance stating that two different insurers paid City of Houston for damages caused by the defendant through his criminal conduct in this case, specifically, Alaska Public Entity Insurance (APEI) paid City of Houston $22,500, and National Union Fire Insurance Company of Pittsburg, PA (AIG) paid the City of Houston $250,001.46, for

a total of $272,501.46. *See* Ex. B (Letter from Alaska Public Risk Alliance dated Aug. 10, 2026); *see also* Ex. C (Letter from AIG dated July 2, 2026).[1]

Beginning on August 12, 2026, the undersigned wrote the attorney for City of Houston to confirm that the $272,501.46 the City received from APEI and AIG was on account of the actions of the defendant in this case. Ex. D at 5-6. On October 7, 2026, the attorneys responded and did not dispute that the amounts paid to the City of Houston were for the losses caused by the defendant, but the City still opposes an order requiring the defendant to pay restitution to APEI and AIG for four reasons:

1) Amendment of the judgment is purportedly not permitted under 18 U.S.C. §§ 3664(f)(1)(B) & 3664(j)(1);
2) The City has not yet been made whole;
3) The City paid for the insurance policies; and
4) The Judgment was made with all this information already known and the Judge made the right decision.

[Ex. D at 1-2]

As explained below, the Court is required to amend the judgment pursuant to § 3664(j)(1). The City's arguments in opposition are meritless.

**ARGUMENT**

The United States' motion is pursuant to § 3664(j)(1), which provides:

[1] The AIG letter notes that it has received $29,854.16 on its claims against the defendant. The defendant may be entitled to a corresponding credit on the restitution he owes to AIG if he has paid AIG, but that will not affect the court's order of restitution to AIG.

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

Upon a showing that a victim has received compensation from any source with respect to a loss, the Court is required to issue an order that restitution be paid to the person who provided the compensation. *See, e.g.*, *United States v. Stephens*, 374 F.3d 867, 872 (9th Cir. 2004) ("Under § 3664, the court must order restitution to be paid directly to an insurer (or other source of compensation) if there is a 'victim' within the meaning of the MVRA and if the third party compensated the victim for some or all of the victim's loss.") (quotations and citations omitted). "[T]he restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." § 3664(j)(1).

Therefore, as set forth in the proposed order, the Court should order the defendant to pay restitution directly to the three insurance companies noted above, with a corresponding reduction in the restitution owed to the victims that have received compensation from another source.

City of Houston's arguments in opposition are meritless.

First, as noted, § 3664(j)(1) requires the Court to issue the order requested by the government. While § 3664(f)(1)(B) forbids the Court from considering the fact that a victim has received compensation with respect to a loss from insurance when "determining

the amount of restitution," the government is not seeking to change the amount of restitution the defendant was ordered to pay. Therefore § 3664(f)(1)(B) is irrelevant to this motion.

Second, whether the City has been made whole is irrelevant. The City has received some compensation for its losses from insurers, therefore the Court is obligated to issue the order requested.

Third, that the City paid for its insurance policies is irrelevant.

Fourth, the government is not seeking to amend the judgment other than as required by § 3664(j)(1).

**CONCLUSION**

For these reasons, the United States respectfully requests that this motion be granted. A proposed order is filed herewith.

RESPECTFULLY SUBMITTED this 9th day of October 2026, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/Seth M. Beausang
SETH M. BEAUSANG
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026,
a true and correct copy of the foregoing
was served via CM/ECF on all counsel of record
and on the following victim by U.S. mail:

Jess Adams
P.O. Box 861
Willow, AK 99688

Alaska Electric & Control, Inc.
Attn: Robert Jewell
9761 W Margin Way
Wasilla, AK 99623

and by email to:

Landye Bennett Blumstein LLP
Joseph Levesque
josephl@lbblawyers.com

Attorney for City of Houston

s/Seth M. Beausang
Office of the U.S. Attorney