Dezi S. Robb, Alaska Bar No. 2105053
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Phone: 907-276-5152
Fax: (907) 276-8433
Email: dezir@lbblawyers.com

*Attorneys for the City of Houston*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESS GEORGE ADAMS,<br><br>Defendant. | Case No. 3:23-cr-00021-SLG |

**CITY OF HOUSTON'S OPPOSITION TO THE UNITED STATES' MOTION FOR AN ORDER REQUIRING THE DEFENDANT TO PAY RESTITUTION TO A PERSON PROVIDING COMPENSATION TO A VICTIM**

On July 12, 2024, the Court entered a Judgment, ECF No. 65 (the "July 12 Judgment"), directing Defendant Jess George Adams to pay $274,802.26 (the "Restitution Award"), in restitution to the City of Houston (the "City"). On October 9, 2026, more than two years later, the United States of America (the "United States" or the "Government") filed a Motion for an Order Requiring the Defendant to Pay Restitution to a Person

Providing Compensation to a Victim (the "Motion to Amend Judgment"), seeking, in substance, an order to redirect restitution payments to the City's insurers under 18 U.S.C. § 3664(j)(1).

The Motion to Amend Judgment should be denied. First, the United States identifies no procedural authority permitting the Court to make this substantive change to a final restitution judgment. Second, even if the Court could revisit the Judgment, the United States has not established that the insurance payments compensated the same loss covered by the Restitution Award. Resolving that issue would require an allocation of the insurance proceeds and consideration of the parties' contractual rights; matters not suited for determination on this post-judgment motion.

**BACKGROUND**

On March 23, 2023, an indictment was entered as to Jess George Adams (the "Defendant"). On October 16, 2023, the Hon. Kyle F. Reardon entered a Report and Recommendation, recommending the Court accept the Defendant's plea of guilty to Counts 1, 7, 23, and 31 of the indictment. On July 12, 2024, the Court entered a Judgment as to the Defendant, finding the Defendant guilty as to two counts of wire fraud, one count of money laundering, and one count of attempt to evade and defeat tax. The July 12 Judgment additionally awarded restitution in the following amounts:

| | |
|---|---|
| City of Houston, Alaska: | $274,802.26 |
| Alaska Electric & Control Co.: | $966,129.82 |
| U.S. Treasury: | $309,530.30 |
| Total: | $1,550,462.38 |

As of the date of this Opposition, the City has not recovered the full amount of the Restitution Award. On July 12, 2024, this case was terminated, and, as of the date of this Opposition, the case remains closed.

Before the entry of the July 12 Judgment and in connection with the Defendant's conduct, the Alaska Public Risk Alliance and the National Union Fire Insurance Company of Pittsburgh ("National Union," together with the Alaska Public Risk Alliance, the "Insurance Carriers"), paid the City a total of $272,501.46 (the "Insurance Proceeds") pursuant to certain insurance and re-insurance contracts, under which, the City was a beneficiary.

On October 9, 2026, the Government filed its Motion to Amend Judgment, asking the Court to direct restitution payments to the Insurance Carriers in amounts corresponding to their respective payments to the City.

## ARGUMENT

1) The Government Identifies No Authority to Substantively Modify the July 12 Judgment.

An award of restitution under Section 3664 "is a final judgment."[1] The grounds on which a final judgment may be altered or amended are few and narrow.

Section 3664(o) provides examples of procedural mechanisms under which a final judgment may be corrected, appealed, amended, or adjusted. These include correction under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742, appeal under 18 U.S.C. § 3742, amendment under Section 3664(d)(5) or 3664(k), or adjustment under 18 U.S.C. §§ 3572 or 3613A. None of those grounds apply in this case and the Government proposes no others.

Rule 35 does not authorize the requested relief because its 14-day period for correcting a sentence expired long before the Motion was filed. The United States did not appeal the sentence under 18 U.S.C. § 3742. Rule 36 is likewise inapplicable because changing the persons entitled to receive restitution would alter the substance of the Judgment, not correct a clerical error.[2] Nor does the Motion to Amend Judgment invoke circumstances governed by §§ 3664(d)(5) or 3664(k), 18 U.S.C. § 3572, or 18 U.S.C. § 3613A.

---

[1] 18 U.S.C. § 3664(o).

[2] *See United States v. Kaye*, 739 F.2d 488, 491 (9th Cir.1984) (distinguishing between substantive and clerical errors).

The Motion to Amend Judgment relies solely on Section 3664(j)(1) which provides that, "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." Section 3664(j) may provide grounds to award restitution to the Insurance Carriers in the first instance. However, the United States does not argue any procedural basis for altering or amending a long-final order more than two years after it was entered.

Mere argument that a judgment could or should have been different does not establish grounds to alter or amend that judgment after it has become final. The Insurance Carriers had already paid the City before the July 12 Judgment was entered, so the relevant circumstances were known at sentencing. The United States should have made its motion at that time or within the applicable period thereafter to seek alteration of the July 12 Judgment. The only case cited by the Motion to Amend Judgment relates to the appeal of the initial sentencing order, not the later revisiting of the parties entitled to restitution.[3]

The issue is, therefore, not whether the Judgment could originally have designated different recipients but whether the Court may revisit the final Judgment now. Because the Government identifies no procedural authority for doing so, the Motion to Amend Judgment should be denied.

[3] *See generally United States v. Stephens*, 374 F.3d 867, 872 (9th Cir 2004).

2) <u>The Government Has Not Shown That the Insurance Payments Compensated the Same Loss Covered by the Restitution Award.</u>

The Motion to Amend Judgment asserts that "whether the City has been made whole is irrelevant."[4] To the victim and to the law, whether the victim has been made whole is most relevant. The purpose of Section 3664(j) is "to prevent victims from obtaining multiple recoveries for the same loss."[5] The fact that the City has not been made whole undermines the core purpose of the authority upon which the Government relies.

Next, the United States asserts "that the City paid for its insurance policies is irrelevant."[6] This assertion neglects the critical distinction between the statutory and the contract rights of the City. The City is the beneficiary of two entitlements to compensation. One under contract as the insured, and one arising out of its statutory rights as a victim.

The Restitution Award compensates the City for property loss recoverable under the Mandatory Victims Restitution Act (the "MVRA"). The MVRA limits restitution in connection with property crimes under Section 3663A(b) to, in substance, the value of the property and the costs of participating in criminal proceedings.[7] The July 12 Judgment does not, nor was intended to, compensate the City for the totality of costs arising out of the Defendant's misconduct. In addition to MVRA compensable injuries, the City incurred the audit costs, litigation and compliance costs, and incidental costs.

---

[4] Motion to Amend Judgment at 5.

[5] *United States v. Frazer*, 2019 U.S. Dist. LEXIS 166484, *4 (D. Ariz. 2019).

[6] Motion to Amend Judgment at 5.

[7] *See* 18 U.S.C. § 3663A.

Accounting for such non-MVRA expenses, the City suffered insurable injuries in excess of $274,802.26. The Insurance Proceeds compensated the City for costs independent of those the MVRA permits a victim to recover. Adopting the United States' interpretation would therefore be a misapplication of Section 3664 which dilutes the City's contract rights.

No provision of Section 3664 makes the Court's restitution order determinative with respect to the City's contract rights. The preclusive power of a restitution judgment is limited to civil suits between the Defendant and the victim.[8] Accordingly, the City's losses beyond those redressable by the MVRA have not been adjudicated nor has the proper scheme of allocation of the Insurance Proceeds between subrogatable MVRA losses and non-subrogatable, non-MVRA losses been established.

Congress considered the risk of the dilution of restitution resulting from insurance coverage and acted to prevent it through Section 3664(f)(1)(B) which provides that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance . . . in determining the amount of restitution."[9] This section prevents a victim's prudence in purchasing insurance from reducing its right to recover restitution and thereby dissuading the public from insuring themselves against criminal misconduct. Reducing a victim's right to restitution on account of insurance payments for non-MVRA losses is therefore opposite of the intent of Section 3664.

---

[8] *See generally* 18 U.S.C. § 3664.

[9] 18 U.S.C. § 3664(f)(1)(B).

Section 3664 provides that the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."[10] The City has not had an opportunity in this forum, nor is this the proper forum, to litigate the extent of its non-MVRA losses. The Court should not, therefore, presume the Restitution Award accounts for the full extent of the City's injuries.

The United States skips a crucial step in its analysis. That is, considering whether the "victim has received compensation from insurance . . . *with respect to a loss*."[11] Here, the Court has awarded restitution for the loss of property, a type of loss cognizable under the MVRA, but not for the other ancillary losses. Before altering the July 12 Judgment, the Court must determine to which loss the Insurance Proceeds are allocable. The 9th Circuit, in *United States v. Crawford*, confirmed that this Court should first consider which loss a payment was allocated to before modifying a victim's entitlement to restitution.[12]

The United States' failure to differentiate between the more-expansive contract rights and less-inclusive statutory rights' risks, in substance, expanding the Insurance Carriers' rights to statutory subrogation to non-MVRA payments. Whether and to what extent the Insurance Carriers are entitled to recover any part of the Restitution Award is a

---

[10] 18 U.S.C. § 3664(e).

[11] 18 U.S.C. § 3664(j)(1) (emphasis added).

[12] *United States v. Crawford*, 169 F.3d 590, 593 (9th Cir.1999) (affirming a district court's refusal to reduce restitution because the victim's insurance compensation was for losses other than the funeral expenses for which restitution was granted).

question requiring interpretation of the City's insurance contracts. That question has not been submitted before this Court.

3) The Extent of the Insurance Carrier's Subrogation Rights Are Better Decided in an Independent Civil Action.

"A restitution hearing is not a place to bring civil claims against victims."[13] Whether, and to what extent, the Insurance Carriers are entitled to recover any part of the Restitution Award is a question requiring interpretation of the City's insurance contracts and the scope of compensable non-MVRA injuries. That question may be more properly raised by the Insurance Carriers in a civil action before this Court.

Addressing it here tests the boundaries of this Court's ancillary jurisdiction. Federal appellate courts have rejected ancillary jurisdiction over contract disputes involving nonparties where factually independent and resolving the dispute was not necessary to manage the criminal proceeding, vindicate the court's authority, or effectuate its decrees.[14]

The Insurance Carriers would not be prejudiced by referring this dispute to a civil proceeding. In fact, they would be able to develop their arguments and the factual record in a way neither they nor the City have been able to here. Post-judgment motion practice

---

[13] *United States v. Kinrys*, 2026 U.S. App. LEXIS 28922, *11 (1st Cir. 2026); *see also United States v. Maurer*, 226 F.3d 150, 152 (2d Cir. 2000) (stating that the "district court properly declined to attempt to adjudicate [the defendant's] civil claims in [that] criminal proceeding to which the victims were not party").

[14] *See United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010) (addressing whether a district court had ancillary jurisdiction over a contract claim concerning an expert witness in a criminal case).

between the United States, a non-party to the insurance contracts and a victim non-party in this criminal case is simply not the place to decide the City's non-MVRA contract rights.

**CONCLUSION**

For these reasons, the Court should deny the United States' Motion for an Order Requiring the Defendant to Pay Restitution to a Person Providing Compensation to a Victim. Because this matter involves a complex legal dispute, the City respectfully requests oral argument to the extent the Court finds that argument would assist its final determination.

DATED: October 23, 2026.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for City of Houston, Alaska

By: */s/ Dezi S. Robb*
Dezi S. Robb
Alaska Bar No. 2105053
dezir@lbblawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, a true and correct copy of the foregoing document was served by electronic means through the ECF system to all attorneys of record as indicated on the Notice of Electronic Filing and to the following by U.S. mail:

Jess Adams
[redacted]
Willow, AK 99688

Alaska Electric & Control, Inc.
ATTN: [redacted]
9761 W. Margin Way
Wasilla, AK 99623

*/s/ BJ Carlson*

Barbara J. Carlson, Paralegal
Landye Bennett Blumstein LLP